UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

STATE FARM MUTUAL AUTOMOBILE
INSURANCE COMPANY,

                Plaintiff,                No. 16-cv-12380

vs.                                          Hon. Gerald E. Rosen

ELITE HEALTH CENTERS, INC., *et al.*,

                Defendants.
_____/

MEMORANDUM OPINION AND ORDER DISMISSING CASE
FOR LACK OF SUBJECT MATTER JURISDICTION

                At a session of said Court, held in
                the U.S. Courthouse, Detroit, Michigan
                on <u>August 1, 2016</u>

                PRESENT: Honorable Gerald E. Rosen
                                  United States District Judge

      Plaintiff State Farm Mutual Automobile Insurance Company ("State Farm") instituted this action in this Court on June 24, 2016 seeking to collect damages arising from an alleged insurance fraud scheme perpetrated by the 19 named Defendants. After reviewing Plaintiff's Complaint, the Court found that it was unable to confirm federal subject matter jurisdiction. Specifically, the Court noted that no federal question was alleged, and Plaintiff failed allege sufficient facts in its Complaint to establish diversity. Therefore, on July 12, 2016, the Court issued an Order to Show Cause, directing State

Farm to show cause why this case should not be dismissed due to lack of subject matter jurisdiction.

Plaintiff responded to the Show Cause Order on July 25, 2016.  The Court has reviewed Plaintiff's Response but finds that it insufficiently establishes complete diversity of all of the parties.

"Federal courts have an independent obligation to ensure that they do not exceed the scope of their jurisdiction, and therefore, they must raise and decide jurisdictional questions that the parties either overlook or elect not to press."  *Henderson ex. rel. Henderson v. Shinseki*, 562 U.S. 428, 434, 131 S.Ct. 1197, 1202 (2011).

Here, although Plaintiff has alleged sufficient facts to confirm the citizenship of 18 of the 19 Defendants and demonstrate that complete diversity of citizenship exists between Plaintiff and these 18 Defendants, Plaintiff has failed to establish the citizenship of Defendant Horizon Imaging, LLC.

The citizenship of a limited liability company -- like other unincorporated associations such as general and limited partnerships -- is determined by reference to the citizenship of each constituent member of the LLC.  *See Delay v. Rosenthal Collins Group*, LLC, 585 F.3d 1003, 1005 (6th Cir. 2009) ("The general rule is that all unincorporated entities -- of which a limited liability company is one -- have the citizenship of each partner or member.").

With respect to the citizenship of Defendant Horizon Imaging, LLC, Plaintiff's

Complaint states:

> Horizon Imaging LLC ("Horizon") is a Michigan limited liability company formed on July 8, 2009, with its principal place of business at 1111 W. Long Lake Road, Troy, Michigan. [Defendant Mark] Radom, along with others, has a financial interest in Horizon. . . .

Compl., ¶ 215.

Plaintiff's Response to the Order to Show Cause adds little to this allegation. In its Response, Plaintiff states that "Mark Radom, who has an interest in Horizon, LLC, through a company called HI Investor, LLC, is a resident of Michigan." [Response to Order to Show Cause, Dkt. # 20, p. 6.][1] However, "having an interest in" does not equate with being a member, let alone the sole member of an LLC such that the member's citizenship might establish the citizenship of the LLC. Indeed, Paragraph 215 of the Complaint alleges that Radom, *along with others*, has a financial interest in Horizon. [Compl., ¶ 215.]

Further, Plaintiff states that Radom has this "interest" in Horizon "*through a company called HI Investor, LLC.*" Plaintiff fails to allege any facts as to the citizenship of HI Investor, LLC or any of its members, other than Radom.[2]

"The citizenship of unincorporated associations must be traced through however many layers of partners or members there may be." *Hart v. Terminex Int'l*, 336 F.3d 541,

---

[1] Plaintiff sufficiently alleged the citizenship of Mark Radom in its Complaint. *See* Compl., ¶ 202 ("Mark Radom ("Radom") resides in and is a citizen of Michigan.")

[2] In Paragraph 159 of its Complaint, Plaintiff alleges that "Radom is *a* member [not the *sole* member] and the resident agent of HI Investor LLC."

543 (7th Cir.2003)   Thus, as the Sixth Circuit explained in *Delay v. Rosenthal Collins Grp, LLC, supra*:

> When diversity jurisdiction is invoked in a case in which a limited liability company is a party, the court needs to know the citizenship of each member of the company. And because a member of a limited liability company may itself have multiple members -- and thus may itself have multiple citizenships -- the federal court needs to know the citizenship of each "sub-member" as well.

583 F.3d at 1005. *See also D.B. Zwirn Special Opportunities Fund, L.P. v. Mehrotra*, 661 F.3d 124, 126 (1st Cir.2011) ("[T]his jurisdictional issue has the potential to be iterative. If even one of Zwirn's members is another unincorporated entity, the citizenship of each of that member's members (or partners, as the case may be) must then be considered."); *Zambelli Fireworks Mfg. Co., Inc. v. Wood*, 592 F.3d 412 (3rd Cir.2010); *Mullins v. TestAmerica, Inc.*, 564 F.3d 386 (5th Cir.2009).

As further "evidence" of Horizon's citizenship, Plaintiff attached a copy of a motion to dismiss in another case, *Professional Holdings Unlimited, LLC v. Clear Imaging, LLC,* EDMI No. 16-10494, which was filed by an attorney on behalf all of the eight named defendants in the case, one of which was Horizon Imaging LLC.  In an introductory statement, the brief states, in relevant part:

> Plaintiff [Professional Holdings Unlimited, LLC] is a Florida limited liability company.  Defendants Clear Imaging, LLC, *Horizon Imaging, LLC*, Corkat, LLC, Bearon Imaging, LLC, Global Management Partners, LLC, Mann Global, LLC, and Cory Mann are companies and citizens of Michigan. Defendant Scott Zack is a citizen of the State of Florida.

4

Plaintiff's Response Ex. B, pp. 1-2 (emphasis added).

Plaintiff claims that by this excerpt "counsel for Horizon confirms that Horizon Imaging is a citizen of Michigan." [Response to Order to Show Cause, p. 6.]  However, factual assertions in briefs are only binding on the parties within the proceeding in which they are made.  *See Brown v. Tenn. Gas Pipeline Co.*, 623 F.2d 450, 454 (6th Cir. 1980).

But, even as a non-binding statement, the Court finds insufficient reason to rely on this excerpt to establish jurisdiction in this case.  The attorney who represented Horizon in the *Professional Holdings* case is not the same attorney representing Horizon here.  Furthermore, the inartfully drafted "jurisdictional" statement in the *Professional Holdings* brief is far too ambiguous to be accepted as a confirmation that  Horizon is a citizen of Michigan.  Nowhere in the brief is there any discussion of the constituent members of Horizon or any of the other listed LLCs which is what would be required to "confirm" the citizenship of these unincorporated entities.

The citizenship of the parties is a jurisdictional fact in diversity actions.  The burden is on the  plaintiff -- the party invoking federal jurisdiction -- to plead and prove such facts. *McNutt v. General Motors Acceptance Corp.* 298 U.S. 178, 186, 56 S.Ct. 780, 784 (1936).  The Court finds that Plaintiff State Farm has failed to meet this burden in this case.

## CONCLUSION

For all of the reasons stated above in this Memorandum Opinion and Order,

IT IS HEREBY ORDERED that this case is DISMISSED for lack of federal subject matter jurisdiction.


                                    s/Gerald E. Rosen
                                    United States District Judge

Dated: August 1, 2016

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on August 1, 2016, by electronic and/or ordinary mail.

                                    s/Julie Owens
                                    Case Manager, (313) 234-5135